Ryan M. Best, WSBA # 33672
Jacob Mark, WSBA # 54280
Michael Merkelbach, WSBA # 55389
Best Law, PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com
jmark@bestlawspokane.com
mike.m@bestlawspokane.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MAGDI GERGAWY and ALISA GERGAWY, a married couple;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES BAKERY, INC., d/b/a FRANZ FAMILY BAKERIES, an Oregon Corporation; and OCCUPATIONAL HEALTH SOLUTIONS, INC., a Washington Corporation, and TAMI KINNUNEN, an individual,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND JURY DEMAND** |

**I. PARTIES, JURISDICTION, AND VENUE**

1.1   Magdi and Alisa Gergawy are residents of Spokane County, Washington, in the Eastern District of Washington. Mr. and Mrs. Gergawy assert

COMPLAINT FOR DAMAGES AND JURY DEMAND - 1

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

the below causes of action on behalf of themselves, individually, and on behalf of their marital community.

1.2    United States Bakery, Inc., d/b/a Franz Family Bakeries is a self-insured, for profit Oregon corporation authorized to do business in the State of Washington. Venue is appropriate under 28 U.S.C. §1391(b) because the events giving rise to this Complaint occurred in this district. Venue is also appropriate under the special venue provision of 42 U.S.C. §2000e-5(f)(3) because Spokane County, the Eastern District of Washington, specifically, is where the unlawful employment practice is alleged to have been committed, where the employment records relevant to such practice are maintained and administered and where Plaintiff Magdi Gergawy is working despite ongoing alleged unlawful employment practices.

1.3    Occupational Health Solutions, Inc. is a for profit Washington corporation offering occupational health services, including third-party claims handling, with its principal place of business located in Spokane, Washington.

1.4    Upon information and belief, Tami Kinnunen is a resident of Spokane County, Washington and a Workers' Compensation Specialist with Defendant, Occupational Health Solutions, Inc., who committed acts of discrimination, retaliation, and tortious conduct within the Eastern District of Washington.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 2

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

1.5  The Federal Court for the Eastern District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

## II.  INTRADISTRICT ASSIGNMENT AND REQUEST FOR JURY TRIAL

2.1  This action arose in Spokane County; therefore, Mr. and Mrs. Gergawy respectfully request that the case be assigned to the Spokane Division of the Eastern District of Washington. A jury is also demanded for this matter.

## III.  FACTS

2.2  Magdi Gergawy (hereinafter "Mr. Gergawy" or "Plaintiff") was hired by United States Bakery, Inc. d/b/a Franz Family Bakeries (hereinafter "Franz"), in 2003.

2.3  During his 17 years of employment with Franz, Mr. Gergawy has been repeatedly discriminated against based on his race, ethnicity, and national origin.

2.4  One incident of such treatment was when the metal detector broke down. Supervisor/Foreman Harry Dolman accused Mr. Gergawy of sabotaging the machine and accused Mr. Gergawy of committing an act of terrorism.

2.5  Another incident was with foreman Quincy White who refused to allow Mr. Gergawy to leave early to care for his wife, despite having approved FMLA leave that allows him to do so.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 3

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.6     Instead of allowing Mr. Gergawy to leave, Mr. White dismissed other employees with less seniority, and no FMLA leave, who were white, non-Egyptian, and qualified to replace Mr. Gergawy and then denied Mr. Gergawy's request stating, "There were no qualified employees to replace him."

2.7     Mr. Gergawy is continually passed over for promotion by younger, non-disabled, white workers with less experience.

2.8     Most recently, last week, Franz promoted two white, non-disabled, less experienced employees to a foreman position.

2.9     Of the 17 foremen employed by Franz, only 4 have more experience than Mr. Gergawy.

2.10    On January 23, 2018, Mr. Gergawy signed up for foreman training.

2.11    To current date, Franz has not provided the requested foreman training to Mr. Gergawy.

2.12    Instead, Franz continued to promote younger, white, , non-disabled workers with less experience and seniority to foreman positions, without training.

2.13    The younger, white, non-disabled workers with less experience have not completed any type of training.

2.14    On July 9, 2018, Mr. Gergawy suffered a work-related injury.

2.15    Mr. Gergawy was off work for approximately one month and then returned to work with some restrictions.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 4

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.16   On November 2, 2018, Mr. Gergawy was released back to work, with no restrictions.

2.17   On December 3, 2018, Mr. Gergawy was again placed on medical leave which continued through February 8, 2019. Though still suffering severe pain from the work-related injury, Mr. Gergawy was released back to work without restrictions. In addition to being released back to work, Franz ordered Mr. Gergawy attend a medical examination.

2.18   Mr. Gergawy attended the scheduled medical examination on April 24, 2019.

2.19   On May 6, 2019, Mr. Gergawy was in severe pain, hunched over and unable to stand-up straight.

2.20   Mr. Gergawy went to see, Scott Pleines, PA-C who placed Mr. Gergawy on a medical leave for 21 days and scheduled a follow-up appointment for May 28, 2019.

2.21   Following his appointment, Mr. Gergawy went to Franz to provide Franz with the paperwork documenting his medical restrictions.

2.22   While at Franz, Safety Coordinator, April McDonough, witnessed Mr. Gergawy's suffering and demanded he go to the emergency room.

2.23   Ms. McDonough drove Mr. Gergawy to the emergency room in a company vehicle.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 5

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.24   Mr. Gergawy's medical leave was reported to Tami Kinnunen, Workers' Compensation Specialist for Occupational Health Solutions, Inc. (hereinafter "OHS").

2.25   At that time, OHS administered worker compensation claims on behalf of Franz.

2.26   Ms. Kinnunen, disputed the findings of Scott Pleines, indicating the results of the April 24, 2019 medical evaluation showed Mr. Gergawy to be at maximum medical improvement.

2.27   Ms. Kinnunen is not a doctor or a physician's assistant.

2.28   Ms. Kinnunen informed Mr. Gergawy that she was calling Scott Pleines' office and scheduling an appointment for Mr. Gergawy to return to Mr. Pleines office and review the results of the April 24, 2019 medical evaluation.

2.29   Ms. Kinnunen scheduled a follow-up appointment for Mr. Gergawy on May 9, 2019.

2.30   On May 6, 2019, following Scott Pleines' medical evaluation of Mr. Gergawy, Ms. Kinnunen sent Mr. Pleines a copy of the medical evaluation report.

2.31   On May 9, 2019, at approximately 8:02 in the morning, Ms. McDonough texted Mr. Gergawy instructing him to obtain documentation from Scott Pleines, releasing him to work.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 6

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.32    Despite having performed his own medical evaluation of Mr. Gergawy on May 6, 2019, Scott Pleines, changed his medical opinion regarding Mr. Gergawy's pain to "kidney stones," and released Mr. Gergawy back to work.

2.33    Since May of 2019, Mr. Gergawy has never passed a kidney stone.

2.34    Between May 6, 2019 and May 9, 2019, Mr. Pleines performed no diagnostic studies for kidney stones, and conducted no examination that would have shown kidney stones.

2.35    On July 12, 2019, OHS wrongfully denied and closed Mr. Gergawy's claim.

2.36    Mr. Gergawy disputed the findings of the medical evaluation with Franz, specifically Jim Grantham, and informed Mr. Grantham he planned to take legal action.

2.37    Mr. Gergawy then filed a complaint with the Equal Employment Opportunity Commission on July 31, 2019, including the above-referenced facts.

2.38    Following the filing of the EEOC complaint, Franz engaged in five separate acts of retaliation against Mr. Gergawy including intensifying his work-load; giving one of his weekend days off to a younger, non-disabled employee with less seniority; threatening to install security cameras in his work area despite security cameras being negotiated in the collective bargaining agreement; refusing to apply his FMLA leave and listing his absences as unexcused, without pay, and

COMPLAINT FOR DAMAGES AND JURY DEMAND - 7

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

initiating an attempted write-up; and denial of the reopening of his Labor and Industries claim.

2.39  Since the closing of his Labor and Industries claim, Mr. Gergawy sought medical treatment at his own expense.

2.40  Mr. Gergawy's current provider, P.Z. Pearce, MD, disputes the finding of the medical evaluation which states Mr. Gergawy is at, " maximum medical improvement" and instead recommends additional treatment is necessary.

2.41  On October 28, 2019, attorney for Franz, Jon Floyd, engaged in claims suppression on behalf of his client, Franz, by inducing Mr. Gergawy to treat injuries sustained during the course of employment as off-the-job injuries following notice of Dr. Pearce's findings. These acts of claims suppression are in direct retaliation for filing the EEOC complaint and in violation of RCW 51.28.010(4)(b)&(c).

2.42  Mr. Gergawy has incurred lost wages, lost medical treatment, worked through pain unnecessarily, lost overtime, lost promotions, and lost days of work due to Franz's actions.

### III.  CAUSES OF ACTION

A.  **Retaliation in Violation of Public Policy Wrongful/Illegal Retaliation-** *Wilmot v. Kaiser Aluminum,* **118 Wn.2d 46(1991)**

3.1  Plaintiffs re-allege and incorporates by reference paragraphs 1.1-2.42 as if set forth fully herein.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 8

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.2     Plaintiffs assert the common law tort of retaliation for Labor and Industries claims in violation of public policy as outlined in *Wilmot v. Kaiser Aluminum,* 118 Wn.2d 46 (1991).

3.3     Plaintiff, Magdi Gergawy was intentionally retaliated against as a result of his lawful Labor and Industries claims, EEOC complaint, and for seeking and receiving benefits from such a claim.

3.4     A Labor and Industry claim was filed by Mr. Gergawy and is ongoing and unresolved at this time.

3.5     Mr. Gergawy's Labor and Industries claim for injury was a substantial factor in Franz failing to promote Mr. Gergawy and in taking away one of Mr. Gergawy's weekend days off.

3.6     Franz knew of Mr. Gergawy's Labor and Industries claim and is disputing and denying authorization for his related treatment.

3.7     It is against the public policy of the State of Washington to retaliate against an employee because of his filing of a Labor and Industries claim.

3.8     Franz retaliated against Plaintiff and continues to retaliate against Plaintiff because of his claim with Labor and Industries and complaint to the EEOC, in violation of this public policies. Allowing such a retaliation jeopardizes public policy in favor of reporting Labor and Industries violations. Invoking an

COMPLAINT FOR DAMAGES AND JURY
DEMAND - 9

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

EEOC complaint as a basis for relationship in and L&I proceeding and within an employment relationship also violates Washington State policies.

3.9    Franz refused to promote Mr. Gergawy substantially due to his filing of a Labor and Industries claim.

3.10    Franz, through their agent OHS, specifically through their agent Tami Kinnunen, called, Scott Pleines, violating patient-physician privilege, and instructed Mr. Pleines to change his diagnosis and work restrictions for Mr. Gergawy.

3.11    Franz has improperly worked to delay Mr. Gergawy's treatment for work-related injuries.

3.12    Franz, in retaliation for Mr. Gergawy's Labor and Industries claim, has violated Mr. Gergawy's patient-physician privacy.

3.13    Franz is vicariously liable and otherwise responsible for all other Defendants and the acts of their agents in the L&I claims reporting and their agents interference in the L&I claim treatments through the theories of contract, agency, apparent agency, joint venture, joint and several liability, master/servant, employer/employee, and joint tortfeasor.

3.14    As a proximate cause of Defendant Franz's harassment and discrimination, Plaintiffs have been damaged in amounts to be proved at the time of trial.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 10

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

B.      **Negligent Supervision**

3.15    Plaintiffs re-allege and incorporate by reference paragraphs 1.1-3.14 as if set forth fully herein.

3.16    Defendant Franz had a duty to undertake a reasonable investigation into hiring and /or promoting employees and to provide reasonable supervision of its existing employees.

3.17    Defendant Franz breached its duty, including without limitation, the duty to reasonably investigate and supervise the hiring, promotion/training and overall supervisor role of employment of Mr. Gergawy's supervisor, Quincy White and Jim Granthum.

3.18    Defendant Franz knew or should have known that failure to perform a reasonable investigation and to supervise its employees, including Quincy White and Jim Granthum, could result in harm to Mr. Gergawy.

3.19    Following the filing of Mr. Gergawy's EEOC complaint, Franz had a duty to prevent retaliation by Mr. Gergawy's supervisors and other agents of Franz. By failing to prevent such retaliation, Franz has engaged in negligent supervision  of its supervisors.

3.20    The breaches of duty by Franz have caused Plaintffs' damages.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 11

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

**C.      Violations of the State and Federal FMLA**

3.21    Plaintiffs re-allege and incorporate by reference paragraphs 1.1-3.20 as if set forth fully herein.

3.22    Pursuant to 29 U.S.C. §2615, it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise and employee's right to FMLA. Washington's comparable state FMLA wholly adopts the federal interpretation of the Federal Act for purposes of interpreting state law.

3.23    Franz interfered with, restrained, and/or denied Mr. Gergawy's attempt to exercise his FMLA rights to take care of his disabled wife.

3.24    Mr. and Mrs. Gergawy, and their marital community, were damaged by Franz's interference, restraint, and denial of Mr. Gergawy's attempts to exercise his FMLA rights.

**D.      Violation of Age Discrimination in Employment Act 29 U.S.C. 621 et seq., American Disability Act 42 U.S.C. §2000 et. seq., and Washington Law Against Discrimination RCW 49.60.010 et seq., Age, Disability**

3.25    Plaintiffs re-allege and incorporate by reference paragraphs 1.1-3.24 as if set forth fully herein.

3.26    The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect his "compensation, terms, conditions, or privileges of employment," because of such individual's age. The words

COMPLAINT FOR DAMAGES AND JURY DEMAND - 12

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

"compensation, terms, conditions, or privileges of employment" encompass all employee benefits, including such benefits provided pursuant to a bona fide employee benefit plan.

3.27   RCW 49.60.180 makes it unlawful for an employer to discharge an employee on account of that employee's age or disability status.

3.28   In order to state a claim under the ADEA an employee must establish that he was older than forty years of age, was performing his work satisfactorily, and was treated differently in regard to the terms and conditions of his employment due to his age.

3.29   To state an age discrimination claim under the WLAD, an employee only need establish that his age was a substantial factor in the employer's decision to alter the terms and conditions of his employment.

3.30   Mr. Gergawy is over forty years of age, was performing his work satisfactorily prior to Franz's discrimination and retaliation detailed in the "facts" section of this Complaint.

3.31   Defendants willfully violated Plaintiff right to be free from age discrimination as guaranteed by the ADEA, specifically by depriving Plaintiff of opportunities to advance his employment at Franz and altering the terms and conditions of his employment.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 13

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.32  Defendant Franz's violation of the ADEA proximately caused Plaintiffs to suffer damages.

3.33  Plaintiffs, and the marital community thereof, seek all remedies, damages, penalties, costs, and attorney fees available under the ADEA.

**E.     Violation of American Disability Act, ADAAA, 42 U.S.C. §2000 et seq./WLAD, RCW 49.60 et seq.**

3.34  Plaintiffs re-allege and incorporate paragraphs 1.1-3.33 as if set forth fully herein.

3.35  In order to state a claim for disability discrimination under the ADA, ADAAA, and the WLAD an employee must establish membership in a protected class, an adverse employment action, satisfactory performance, and that his membership in a protected class was a motivating or substantial factor in the adverse employment action.

3.36  Mr. Gergawy has a disability as described under 42 U.S.C. §2000 et seq.

3.37  Franz has conceded that Mr. Gergawy has a disability in writing.

3.38  Alternatively, Mr. Gergawy is perceived as being disabled by Defendants as described in 42 U.S.C. §2000 et seq.
COMPLAINT FOR DAMAGES AND JURY DEMAND - 14

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.39   Mr. Gergawy was qualified for the foreman position and for foreman training and able to perform the essential elements of each, with or without accommodation.

3.40   Mr. Gergawy was qualified for his current position and able to perform the essential elements of that position with a reasonable accommodation.

3.41   Mr. Gergawy is, and has been, qualified to work as a foreman and perform the essential elements of the foreman position with reasonable accommodation.

3.42   Franz refused to provide Mr. Gergawy a reasonable accommodation to perform the essential functions of his current position.

3.43   Franz failed and refused to train and promote Mr. Gergawy to foreman due to his disability or alternatively, Franz's perception of Mr. Gergawy as being disabled.

3.44   Franz provides accommodations to non-disabled, white workers in similar positions as Mr. Gergawy.

3.45   Franz trains and promotes non-disabled workers, outside of Mr. Gergawy's protected status, to foreman positions.

3.46   OHS utilized Ms. Kinnunen as a Workers' Compensation Specialist to handle Mr. Gergawy's Labor and Industries claim.

COMPLAINT FOR DAMAGES AND JURY DEMAND - 15

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.47    Ms. Kinnunen and OHS engaged in L&I claim suppression while acting on behalf of Franz.

3.48    Ms. Kinnunen exceeded her role as a Workers' Compensation Specialist with the knowledge of OHS and Franz to discriminate against Mr. Gergawy as an individual with an injury and disability.

3.49    All acts of Ms. Kinnunen were done on behalf of OHS and Franz.

3.50    Franz has no immunity for intentional acts in violation of RCW 51.28 claims suppression statutes.

3.51    Ms. Kinnunen is not a medical doctor, never received Mr. Gergawy's consent to provide a new diagnosis for Mr. Gergawy, nor have any factual basis to do so.

3.52    Within a Labor and Industries claim Franz, OHS, and Ms. Kinnunen have no legal authority to order a treatment provider to change that treatment provider's work restrictions.

3.53    All this above referenced behavior violated the WLAD as it constitutes discrimination in trade/commerce that discriminated against Mr. Gergawy as a person with a disability, over 40, and of a minority race and from Egypt.

3.54    Alternatively, Ms. Kinnunen and OHS while violating the WLAD, and other state laws, were acting as employer on behalf of Franz Bakery .

COMPLAINT FOR DAMAGES AND JURY DEMAND - 16

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

Alternatively, they occurred in trade or business and are actionable under the combined mandate of the Consumer Protections Act and WLAD.

3.55  Franz's acts and omissions in violating the ADA and WLAD in conjunction with the acts and omissions of the other defendants has proximately caused Plaintiffs damages. Mr. and Mrs. Gergawy seek all damages authorized under WLAD, the Consumer Protection Act, the ADA, ADAA, and 42 U.S.C 2000e et seq.

## IV.    PRAYER FOR RELIEF

Plaintiffs respectfully pray for:

(a) Compensation for all injury and damages suffered by Mr. and Mrs. Gergawy, including but not limited to, both economic and non-economic damages, in an amount to be proven at trial, including back pay, front pay, pre and post judgment interest, lost benefits of employment, adverse tax consequences of any award for economic damages pursuant to Chapter RCW 49.60 et seq., liquidated damages under both federal and Washington law for willful violations as it relates to the lost back and front pay, wages and benefits, exemplary damages, punitive damages, and Plaintiff respectfully pray that this Honorable Court enter and Order providing Mr. and Mrs. Gergawy all remedies available to them including but not limited to an award of:

COMPLAINT FOR DAMAGES AND JURY DEMAND - 17

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

(b) pecuniary losses suffered as a result of the wrongful termination of Plaintiff's employment, to include, but not limited to, back pay, front pay, and all attendant benefits, with interest;

(c) compensatory and general damages suffered by Plaintiff as a result of all forms of discrimination and retaliation;

(d) costs and reasonable attorneys' fees incurred with this lawsuit as permitted by statute under the Washington Law Against Discrimination, the Consumer Protection Act, Title VII, the ADA, and the ADEA;

(e) punitive damages and penalties under federal law and the Consumer Protection Act;

(f) all such other relief or damages as authorized under the ADA, ADAAA, CPA, WLAD, ADEA or Washington common law;

(g) general damages, emotional distress, pre and post judgment interest, penalties, attorneys' fees costs and special damages including loss of wages due to Franz's failure to promote Mr. Gergawy and their disallowing him overtime on a discriminatory basis; and

////

////

////

////

**COMPLAINT FOR DAMAGES AND JURY DEMAND - 18**

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

(h) such other and further relief as the Court deems just or equitable.

Dated this   4th   day of December 2019.

                BEST LAW, PLLC

                  s/Ryan Best
                Ryan Best, WSBA # 33672
                Jacob Mark, WSBA #54280
                Best Law, PLLC
                905 W. Riverside, Suite 409
                Spokane, WA 99201
                Telephone: (509) 624-4422
                Email: ryan.best@bestlawspokane.com
                jmark@bestlawspokane.com
                mike.m@bestlawspokane.com

COMPLAINT FOR DAMAGES AND JURY DEMAND - 19

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957