FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAGDI GERGAWY and ALISA GERGAWY, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BAKERY, INC., d/b/a FRANZ FAMILY BAKERIES, an Oregon Corporation; OCCUPATIONAL HEALTH SOLUTIONS, INC., a Washington Corporation; and TAMI KINNUNEN, an individual;<br><br>Defendants. | No. 2:19-CV-00417-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES** |

Before the Court is Plaintiffs' Motion for Partial Summary Judgment as to Defendant United States Bakery's Affirmative Defenses, ECF No. 50. Plaintiffs are represented by Ryan Best, Jacob Mark, and Michael Merkelbach. Defendant United States Bakery ("USB") is represented by Joshua Howard and Richard Omata. Defendant Occupational Health Services ("OHS") and Ms. Kinnunen were not party to this motion and did not participate in this briefing. The motion was considered without oral argument.

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES \* 1**

Plaintiffs argue that the Court should grant summary judgment in their favor and dismiss all of USB's affirmative defenses as pled in their amended answer to the First Amended Complaint. They argue that USB's affirmative defenses are supported only by unsubstantiated and self-serving statements, and that they have not and cannot introduce evidence sufficient to back up their defenses. Plaintiffs also request the Court issue an order affirmatively declaring that the First Amended Complaint states claims that would survive a Rule 12(b)(6) motion and that Mr. Gergawy was "disabled" during the period of his workplace injuries. Defendant USB opposes the motion. Having reviewed the briefing and the applicable caselaw, the Court denies the motion.

**Facts**

The following facts are pulled from the parties' respective statements of fact and are, unless otherwise noted, not disputed. All facts and reasonable inferences are construed in Defendant USB's favor as the nonmoving party. Only the facts relevant to the arguments made in this motion are addressed.

Plaintiff Magdi Gergawy was hired by Defendant USB in 2003; he has been continuously employed by USB since that time. On July 9, 2018, Mr. Gergawy suffered an injury at work. USB's third-party administrator, OHS, assigned Defendant Tami Kinnunen ("Ms. Kinnunen") to manage Mr. Gergawy's worker's compensation claim for the workplace injury. She worked with Mr. Gergawy and USB to facilitate payment of Mr. Gergawy's doctor's appointments, medication, treatments, diagnostic tests, therapies, and time loss compensation for missed work. In February 2019, Mr. Gergawy's medical provider, Scott Pleines, PA-C, requested that Mr. Gergawy undergo an Independent Medical Examination (IME) to assess the status and cause of Mr. Gergawy's reported cervical and lumbar pain. The examination occurred in April 2019. On May 6, 2019, a workday, Mr. Gergawy's pain was severe. During his shift he contacted April McDonough, USB's safety coordinator, and she told him to see Mr. Pleines. Mr. Gergawy left

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 2**

work early to see Mr. Pleines. Mr. Pleines placed Mr. Gergawy on modified duty for three weeks and scheduled a follow-up appointment for May 28, 2019. After his appointment, Ms. Kinnunen called Mr. Gergawy and told him to go back to Mr. Pleines's office for a re-evaluation. Ms. Kinnunen then faxed a copy of Mr. Gergawy's IME report, dated April 24, 2019, to Mr. Pleines. Mr. Pleines allegedly reviewed the report and deferred to the examiner's findings on May 6, 2019 at 11:36 a.m.

Mr. Gergawy left Mr. Pleines's office and went to see Ms. McDonough to deliver his provider's recommendation modifying his schedule for three weeks. When he got to Ms. McDonough's office, she observed him hunched over and in pain. She took Mr. Gergawy to the emergency room in a company vehicle so that he could be treated. While in the emergency room, Ms. Kinnunen called Mr. Gergawy to let him know that he had been scheduled for a re-evaluation with Mr. Pleines on May 9, 2019.

On May 8, 2019, Ms. Kinnunen drafted and sent a letter to Mr. Gergawy stating that on May 6, Mr. Pleines agreed with the findings in the IME report. The report indicated that Mr. Gergawy was at maximum medical improvement and that no further medical treatment recommendations were appropriate. It also found that Mr. Gergawy's pain appeared to be caused by a preexisting condition and was not related to any alleged work-related injury. On or about May 9, Ms. Kinnunen sent Mr. Gergawy's file and the IME results to the Washington Department of Labor and Industries ("L&I") so it could evaluate Mr. Gergawy's claim. After reviewing the records, L&I closed Mr. Gergawy's claim on June 12, 2019, and reaffirmed the decision on July 12, 2019. Mr. Gergawy initiated an administrative appeal of L&I's closure of his claim, but he voluntarily dismissed the appeal.

On May 9, before his appointment with Mr. Pleines, Ms. McDonough set Mr. Gergawy a text message stating "[y]our doctor has already agreed with the

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 3**

IME. When you see him today to discuss, if you plan on returning to work sooner than the 27th, you still need a note from him releasing you."

At his re-evaluation appointment, Plaintiffs allege Mr. Pleines did not examine Mr. Gergawy and instead gave him a completed APF releasing him to work with no restrictions. He told Mr. Gergawy that his pain was from a kidney stone and this his case would be closed. USB disputes this characterization. It alleges that Mr. Pleines examined Mr. Gergawy, went over the IME and MRI results with him, and informed him that he would defer to the IME results. Mr. Pleines also testified that Mr. Gergawy stated that he had a history of kidney stones and agreed that he was at maximum medical improvement. In addition, USB asserts that multiple medical professionals stated there were no clinical reasons for Mr. Gergawy's self-reported complaints of pain on May 6, 2019.

When Mr. Gergawy returned to work, he alleges his supervisors intensified his workload, refused to accommodate his disabilities, and took away one of his weekend days off. However, USB disputes this allegation. It contends that any change in workload was felt by all USB employees as the result of an increase in production requirements and the transfer of additional product to USB's Spokane location. It also contends that Mr. Gergawy admits he never requested an accommodation for his disability and was able to do his job without an accommodation. Finally, it disputes that Mr. Gergawy's Sunday day off were "taken away" because the additional hours were scheduled at his request and because USB had a need for an oven operator on Sundays. On July 31, 2019, Mr. Gergawy filed an EEOC complaint regarding the conditions and alleged discrimination at USB. He received a right to sue letter on November 27, 2019.

Mr. Gergawy alleges he had requested foreman training from various supervisors over the years, including from Brian Sills, Jim Grantham, Shaun Doty, and Bill Hayes. He alleges he signed up for training several times, both before and after he filed his EEOC complaint, but that he did not receive any training until

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 4**

January 2020, after he filed his EEOC complaint. On March 2, 2020, Mr. Gergawy's previous injury—the one that he alleges went untreated in May 2019—reoccurred at work. He filed another L&I claim, and was out until June 14, 2020. USB disputes that Mr. Gergawy's previous injury was not properly treated. USB also argues that he fails to present medical evidence to support such a contention, that his medical records indicate he reached maximum medical improvement, and that he agreed with that assessment. Mr. Gergawy also alleges that USB has not provided Mr. Gergawy with any additional foreman training since he returned. USB disputes this, instead asserting that Mr. Gergawy did not express interest in being trained as a foreman until after he filed his EEOC complaint and that he only ever signed up for training once. It asserts that the dates relied upon by Plaintiffs to support this claim were later corrected by the witness. USB also disputes that Mr. Gergawy has not been offered any additional foreman training since he returned to work. It alleges Brian Sills approached Mr. Gergawy and asked whether he was interested in receiving training because a swing-shift foreman position had opened up; he alleges Mr. Gergawy declined the offer because he did not want the position. It alleges Mr. Gergawy was approached again and encouraged to sign up for training on December 2, 2020, and that training will continue as scheduling permits.

Mr. Gergawy alleges that he has been retaliated and discriminated against on the basis of his ethnicity, national origin, age, disability, and for filing an EEOC complaint. He alleges that he does not have the authority to work hours outside of his scheduled shifts without the hours first being approved and scheduled by USB. He alleges USB cancelled his medical benefits for fifteen days and that Mr. Gergawy needed the benefits to care for himself, his wife, and their daughter. He alleges no other USB employee had their medical benefits cancelled during that same period of time. USB objects to these facts, and asserts that USB and its supervisors did not subject Mr. Gergawy to any discriminatory behavior and that

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES \* 5**

Mr. Gergawy does not point to any specific alleged discriminatory acts to support this claim. USB disputes that Mr. Gergawy's medical benefits were cancelled for 15 days; instead, it alleges that it was caused by an administrative error in how his FMLA leave was classified. It alleges the error was corrected within one business day of notification and that benefits were retroactively administered so there would be no gaps in coverage. It also disputes that no other benefits were cancelled during the same period because Plaintiffs did not specify what the "period of time" was for it to determine whether anyone else had benefits cancelled.

**Procedural History**

Plaintiffs filed his original complaint on December 4, 2019. They allege claims including (1) retaliation in violation of public policy and wrongful/illegal retaliation; (2) negligent supervision; (3) violations of the state and federal Family Medical Leave Act; and (4) violations of the Age Discrimination in Employment Act, Americans with Disabilities Act, and the Washington Law Against Discrimination for discrimination based on his age, disability, and race/national origin. He generally seeks relief in the form of compensation for all injuries and damages caused by Defendants, liquidated damages for willful violations, and attorney's fees and costs.

On September 30, 2020, Plaintiffs filed a motion to amend their Complaint. ECF No. 24. The First Amended Complaint was filed on October 19, 2020. ECF No. 28. Plaintiff then filed a Motion for Partial Summary Judgment as to Defendant USB's affirmative defenses. ECF No. 30. The parties apparently reached a resolution, and Defendant USB filed an answer to the FAC with additional information in support of their affirmative defenses, and Plaintiffs withdrew their motion. ECF Nos. 42, 43. However, Plaintiffs filed a very similar motion on December 2, 2020. ECF No. 50. Defendants OHS and Kinnunen filed their motion for partial summary judgment on December 8, 2020. ECF No. 54. The parties engaged in mediation in mid-December, so the Court extended the time to

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 6**

1  file responses and replies and reset the hearings on the motions. ECF No. 64. Then
2  on December 30, 2020, Defendant USB filed its motion joining Defendants OHS
3  and Kinnunen's motion. ECF No. 65. On January 19, 2021, the Court extended the
4  deadline for completing discovery and filing dispositive motions. ECF No. 82.

**Legal Standard**

6  Although some courts sometimes construe motions for partial summary
7  judgment on affirmative defenses as motions to strike under Rule 12(f), Rule 56(a)
8  explicitly states that a party may move for summary judgment on "a claim or
9  defense." *Lister v. Hyatt Corp.*, No. C18-0961-JLR, c, at *2 (W.D. Wash. Oct. 15,
10 2019); *Thompson v. United States Bakery, Inc.*, No. 2:20-CV-00102-SAB, 2020
11 WL 7038591 (E.D. Wash. Nov. 30, 2020). The Ninth Circuit has also implicitly
12 endorsed such motions. *See Moore v. Safeco Ins. Co. of Am.*, 549 Fed. Appx. 651,
13 654 (9th Cir. 2013).

14 When considering the legal sufficiency of an affirmative defense, courts are
15 split as to whether the requirements of *Twombly* and *Iqbal* must be met to survive a
16 motion to strike or a motion for summary judgment. *See Barnes v. AT&T Pension*
17 *Ben. Plan-Non-bargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010).
18 However, this Court is persuaded that the fair notice standard pleading standard
19 under Federal Rule of Civil Procedure 8(c) still applies, absent further guidance
20 from the Ninth Circuit or the Supreme Court. *See Schutte & Koerting, Inc. v. Swett*
21 *& Crawford*, 298 Fed. App'x 613, 615 (9th Cir. 2008) (quoting *Wyshak v. City*
22 *Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

23 Summary judgment is appropriate "if the movant shows that there is no
24 genuine dispute as to any material fact and the movant is entitled to judgment as a
25 matter of law." Fed. R. Civ. P. 56(a). The facts must be viewed in the light most
26 favorable to the nonmoving party only if there is a genuine dispute as to those
27 facts. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550
28 U.S. 372, 380 (2007)). There is no genuine issue for trial unless there is sufficient

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 7**

evidence in the record as a whole favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### Discussion

Plaintiffs argue that a number of Defendant USB's affirmative defenses should be dismissed and judgment entered in their favor because they are "unsubstantiated conclusory statements" that are not supported by evidence. In response, Defendant argues that its affirmative defenses are supported by its Amended Answer, as well as by evidence produced throughout discovery.

A common theme throughout the argument on this motion is whether or not Plaintiffs' claims of discrimination and retaliation are, at least in part, repackaged complaints about how his worker's compensations claims were handled. It appears

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 8**

that they may be to a certain extent—over half of Plaintiffs' factual allegations involve the worker's compensation process, and there are no real solid allegations about actionable discriminatory behavior on the part of Defendant. Instead, the bulk of Plaintiffs' complaint is premised on broad allegations that Mr. Gergawy has repeatedly been discriminated against, with very little actual evidence of that occurring apart from one allegation that two white, non-disabled employees were promoted over Mr. Gergawy, and that he was not provided foreman training in January 2018. Each defense is considered in turn below.

1. Defense #1: "Plaintiff's damages were caused, in whole or in part, by his own acts or omissions."

Plaintiffs argue that Defense #1 should be dismissed because it is supported only by self-serving conclusory statements, is inconsistent with USB's Rule 30(b)(6) deposition testimony, and is devoid of evidentiary support. Defendant argues that Plaintiff is incorrect and that its 30(b)(6) testimony does in fact support its position and contradicts Plaintiffs' position. Defendant points to four facts as supported by the evidentiary record: (1) Mr. Gergawy's failure to sign up for overtime on jobs for which he had priority under the collective bargaining agreement; (2) Mr. Gergawy's failure to sign up or express interest in a foreman position prior to filing his EEOC; (3) Mr. Gergawy's failure to follow up on training when it was offered to him; and (4) Mr. Gergawy's failure to achieve or maintain competency on some of the skills required for the foreman position he says he wanted. *See* ECF No. 34. at 19.

The parties essentially dispute what Defendant's Rule 30(b)(6) deposition says; however, this is not a genuine dispute. The deposition says what it says. Review of the deposition testimony shows that the Rule 30(b)(6) testimony supports each ground raised by Defendant in its amended answer. Jim Granthan testified that USB was unaware of Mr. Gergawy's interest in becoming a foreman until after he filed his EEOC complaint and that, once USB was aware of his

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 9**

desire, it began to provide Mr. Gergawy with training. ECF No. 72-2 at 5, ln. 21-25 and 6, ln. 1-4. Mr. Gergawy was offered additional training in February 2020, but did not follow up on the offer before he went on medical leave again. Mr. Granthan also testified that, upon Mr. Gergawy's return from medical leave in summer 2020, he no longer showed interest in resuming his training. ECF No. 72-2 at 6, lns. 5-17. Accordingly, the motion for summary judgment as to defense #1 is denied.

     2.  <u>Defense #2: "Some of Mr. Gergawy's claims are preempted by the</u> <u>Washington State Industrial Insurance Act ("IIA")" and Defense #3:</u> <u>"USB might be immune from some of the claims asserted by Mr.</u> <u>Gergawy that are based upon the IIA"</u>

Plaintiffs next argue that Defendant has not provided any evidence supporting its IIA preemption and immunity defenses. They argue that USB has not specified which claims the IIA allegedly preempts or for which claims USB believes it is immune under the IIA. They further argue that there is no caselaw providing that the IIA immunizes an employer from claims related to discrimination or claim suppression. In response, Defendant argues that Plaintiffs' discrimination claims are actually artfully-pled worker's compensation claims, as the gravamen of the claims are based on allegations that OHS improperly delayed and administered his worker's compensation claim. In reply, Plaintiffs argue that the IIA only immunizes and preempts civil tort actions for workplace injuries and that they have not alleged any claims related to a workplace injury.

The IIA created a worker's compensation scheme that provides an employee's sole remedy for injuries suffered in the course of employment. Wash. Rev. Code 51.04.010; *Michelbrink v. State, Wash. State Patrol*, 180 Wash. App. 656, 663 (2014) (citing *Vallandingham v. Clover Park Sch. Dist. No. 400*, 154 Wash.2d 16, 26 (2005)). The law provides that "all civil actions and civil causes of action for [workplace] personal injuries" and courts' jurisdiction over such claims are abolished. Wash. Rev. Code. 51.04.010. Thus, the IIA bars claims unless the

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES \* 10**

plaintiff's claim for damages stems from a separate injury not related to the workplace injury the IIA was designed to compensate. *Birklid v. Boeing Co.*, 127 Wash.2d 853 (1995). This bar extends to the claims administration process unless the employer's conduct exceeds all bounds of reasonable administrative procedure or is too tenuous in its relationship to the underlying workplace injury. *Cena v. State*, 121 Wash. App. 352, 353-54 (2004).

Plaintiffs are correct that the IIA does not immunize an employer against all employee tort claims. However, Defendant are also correct that the majority of Mr. Gergawy's factual allegations relate to the handling and administration for his worker's compensation claim, leading to the conclusion that those complaints, rather than claims of discrimination, are really the gravamen of this case. Because there are disputes as to what facts give rise to these claims—and indeed the very nature of the claims—the Court denies summary judgment as to these defenses at this time.

3. Defense #4: "Some of Mr. Gergawy's claims might be controlled by the collective bargaining agreement covering his position and therefore are preempted by federal labor law."

Plaintiffs next argue that the Court should find that Mr. Gergawy's claims are not covered by a CBA and are therefore not preempted by federal law. They argue that USB fails to identify which of their claims are preempted, and also fail to show evidence that Mr. Gergawy waived his statutory rights to bring Title VII claims when he signed the CBA. In response, Defendant argues that Plaintiffs' claims are based, in part, on allegations that Mr. Gergawy was denied overtime and training opportunities on a discriminatory basis, and that these allegations are covered by the CBA.There are no factual disputes as to this affirmative defense.

Generally, under Title VII, a union may waive certain statutory rights related to collective activity, but cannot prospectively waive an individuals' right to equal employment opportunities or to be free from discrimination. *Alexander v.*

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 11**

*Gardner-Denver Co.*, 415 U.S. 36, 51-52 (1974). Furthermore, federal law governs suits for breach of collective bargaining agreements, completely preempting any state cause of action for the same breach. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983). This rule also applies to suits based in tort if the tort is "'inextricably intertwined with consideration of the terms of [a] labor contract.'" *Miller v. AT&T Network Sys.*, 850 F.2d 543, 546 (9th Cir. 1988) (quoting *Allis-Calmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).

However, federal labor law was not intended to "trump substantive and mandatory state law regulation of the employee-employer relationship." *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002). Indeed, courts have recognized that not every dispute concerning employment or tangentially related to a provision of a CBA is preempted by federal law. *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1140 (N.D. Cal. 2019) (quoting *Lueck*, 471 U.S. at 211). To determine whether a claim is barred by federal labor law, the court must first determine whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, rather than by a collective bargaining agreement. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the right exists solely as the result of the CBA, the claim is preempted, and the court's analysis ends there. *Id.* If, however, the court determines the right underlying the claim exists independently of the CBA, the court then examines whether the right is substantially dependent on analysis of a collective bargaining agreement. *Id.*

Plaintiffs allege Mr. Gergawy was discriminated against, in part, with regards to access to overtime and training opportunities. The caselaw Plaintiffs cite to seem to deal with cases where an employee was a party to a CBA that included mandatory arbitration provisions limiting an employee's right to bring a Title VII claim in federal court. That is not the case here. There are no waivers of Plaintiffs' right to pursue civil rights or discrimination claims in the CBA—instead,

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 12**

determination of whether he was discriminated against and his entitlement to overtime and training requires consideration and interpretation of the CBA. Turning to the rights at issue, the CBA provides that that employees may sign up for voluntary overtime shifts with shifts awarded on the basis of seniority. ECF No. 68-1 at 4, and "employees who desire training will have the opportunity to put their name on a sign-up sheet." ECF No. 68-1 at 9. Thus, insofar as Plaintiffs allege Mr. Gergawy's rights to overtime work and training were violated, those claims require interpretation of a CBA and are preempted by federal labor law. Although Mr. Gergawy has a right to be free from discrimination under Title VII, he does not have an independent state law right to overtime or training; those rights are governed by his CBA. The motion for summary judgment is therefore denied as to defense #4.

        4. <u>Defense #5: "Some of Mr. Gergawy's claims might be barred because he failed to exhaust his administrative remedies."</u>

Plaintiffs next argue that Defendant failed to provide any evidence in support of its argument that Plaintiffs failed to exhaust administrative remedies. Defendant argues that, since some of Plaintiffs' claims are basically repackaged complaints about the administration of his worker's compensation claims, the worker's compensation scheme created by the IIA is the exclusive administrative remedy for dealing with those claims. It argues that Mr. Gergawy's complaints that two worker's compensation claims were improperly administered and that it has engaged in claims suppression are not really discrimination claims and are instead attempts to rehash his worker's compensation proceedings. It argues that those claims can only be addressed via the administrative procedures provided by the IAA. It points out that Mr. Gergawy initiated an appeal of one of the claims, but voluntarily dismissed it before exhausting his administrative remedies. It also points out that he has not engaged in any administrative appeal of his other claim.

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES \* 13**

1    The failure to exhaust administrative remedies is an affirmative defense that
2    must be pled and proved by a defendant. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th
3    Cir. 2014). A defendant has the initial burden to prove that there is an available
4    administrative remedy, and that the plaintiff did not exhaust that available remedy.
5    *Marshall v. Gordon Trucking, Inc.*, 215 F. Supp. 3d 1036, 1040 (D. Or. 2016).
6    After the defendant has carried its burden, the plaintiff must produce evidence
7    showing that there is something in their particular case that made the existing and
8    generally available administrative remedy effectively unavailable to him. *Albino*,
9    747 F.3d at 1172. If the court determines the plaintiff has failed to exhaust the
10   administrative remedies available to them, the court may excuse the plaintiff's
11   failure or, in the exercise of its discretion, invoke primary jurisdiction and direct
12   the parties to proceed before the agency. *Marshall*, 215 F. Supp. 3d at 1040.

13       Defendant argues that insofar as Plaintiffs allege claim suppression claims
14   and claims arising out of the handling of his worker's compensation claims, those
15   claims must be exhausted via the IIA. Plaintiff argues that, as argued in response to
16   Defendants' motions for summary judgment, the IIA is not exclusive for the types
17   of claims raised here and claim suppression is an independent cause of action.
18   There are disputes of fact as to whether Plaintiffs' claims are in fact a rehash of his
19   worker's compensation claim or whether they are independent discrimination
20   claims. Accordingly, the motion for summary judgment as to defense #5 is denied.

21       5.  <u>Defense #6: "Plaintiffs might have failed to state a claim for which</u>
22           <u>relief may be granted." and Defense #8: "Ms. Gergawy might not</u>
23           <u>have standing to sue USB as to some of the claims asserted herein."</u>

24       Plaintiffs next argue Defenses #6 and #8[1] should be dismissed because they
25   are not a proper affirmative defense. Plaintiffs also request an affirmative

26
27   [1] Due to an apparent numbering error, Defendants Amended Answer to the First
     Amended Complaint skips #7. This Order mirrors the numbering in the Amended
28   Answer for ease of reference.

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 14**

declaration that they have in fact stated claims for which relief can be granted. In response, USB argues that its defense should not be stricken as an improper affirmative defense and should instead be treated as general denials or further answers to the FAC. In addition, they argue that Plaintiffs are not entitled to the affirmative judgment they seek because Plaintiffs have failed to state claims.

Courts in the Ninth Circuit routinely hold that "failure to state a claim" and "lack of standing" are not a proper affirmative defense because it asserts a defect in the plaintiff's prima facie case and is more properly brought as a motion. *See Kaiser v. CSL Plasma Inc.*, 240 F. Supp. 3d 1129, 1134 (W.D. Wash. 2017). However, that does not necessarily mean that the defense need be dismissed. Simple mislabeling of a defense as an "affirmative" defense is not grounds to enter summary judgment in Plaintiffs' favor, especially when that labeling mistake does not get to the legal merits of the defense. *See Kohler v. Islands Restaurants, LP*, 80 F.R.D. 560, 567 (S.D. Cal. 2012). Accordingly, the motions for summary judgment as to defenses #6 and #8 are denied.

6. <u>Defense #9: "Some of Plaintiffs' claims might be barred by applicable statutes of limitations."</u>

Plaintiffs argue they are entitled to judgment in their favor as to Defendant's statute of limitations defense. Defendant argues that several of Plaintiff's Title VII claims are time-barred because more than 180 days has passed since the alleged discrete discriminatory acts occurred, and his related WLAD claims are barred because more than three years has passed since the same events. Defendant also argues that insofar as Plaintiffs' claims amount to breach of the CBA, those claims are subject to a six-month statute of limitations that has also passed.

"A properly pled statute of limitations defense should provide a theory or facts demonstrating how the claims are not timely in light of the allegations of the complaint and date the complaint was filed." *Jin Zhu v. N. Cent. Educ. Serv. Dist.- ESD 171*, No. 2:15-CV-00183-JLQ, 2015 WL 13357609, at *3-4 (E.D. Wash. Oct.

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 15**

15, 2015). Before a Title VII claim may be prosecuted in federal court, the plaintiff must have filed a charge with the EEOC within 180 days after the occurrence of the unlawful employment practice or, if the plaintiff had initially instituted proceedings with an appropriate state agency, within 300 days of the occurrence. *Mueller v. Los Angeles Fire Dep't*, 637 F.2d 616, 617 (9th Cir. 1980) (citing 42 U.S.C. § 2000e-5(e)). Thus, a claim under Title VII is untimely if a charge is filed in federal court more than 240 days after the act complained of is filed with the EEOC, unless the state agency actually disposes of the referred charge before a total of 300 days has passed. *Wiliams v. Owens-Illinois, Inc.*, 665 F.2d 918, 923 n.2 (9th Cir. 1982) (citing *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980)). A discrete act "occurred" on the day that it "happened." *Nat. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Discrete discriminatory acts are not actionable if time barred, even if they are related to acts alleged in timely filed charges. *Id.* at 113. A similar rule applies to claims brought under the WLAD, though those claims can be brought within three years of the alleged discriminatory act. Wash. Rev. Code 49.60.180.

In his deposition, Mr. Gergawy identified only three instances of allegedly discriminatory conduct: (1) Harry Dolman, a former employee of Defendant, accused Mr. Gergawy of terrorism when a metal detector at the bakery was malfunctioning; (2) Bill Hayes, another former employee, allegedly pushed Mr. Gergawy at work; and (3) Quincy White allegedly harassed Mr. Gergawy by asking him to perform jobs that he felt exceeded his normal work duties. *See* ECF No. 71-4 at 19-20, 24-25. These events are also referenced in the FAC. As Mr. Dolman left employment with Defendant in 2010 and Mr. Hayes left in 2015, those allegations are time-barred, as much more than 240 days or three years has passed since those incidents could have occurred. Mr. Gergawy also contends that he unsuccessfully requested training "on several occasions" over "several years" from Mr. Hayes and Shawn Dewey; however, no specific dates are referenced in either

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES \* 16**

the Complaint or the deposition testimony. And, since Mr. Hayes left USB's employ in 2015, allegations related to him are time barred. Mr. Dewey transferred from the Spokane bakery in 2012, and so those claims are also time barred.

Plaintiff argues that all of these allegations are irrelevant because they are not made in the Complaint. However, a review of the Complaint indicates that Plaintiff does not identify any discrete allegedly discriminatory events besides those involving Mr. Dolman, Mr. White, and Mr. Hayes, and even then, none of those allegations include a date. There are a few allegations in the complaint that come a little closer—that two younger, white employees were promoted to foremen in April 2019, and that Mr. Gergawy signed up for foreman training in January 2018 and that the training was not provided. ECF No. 28 at ¶¶ 2.19, 2.21-22. But those claims are also time-barred if they are the basis of Title VII claims, as more than 180 days has passed between April 2019 and January 2018, respectively, and the filing of the complaint in December 2019. Accordingly, insofar as Plaintiff alleges claims under Title VII that occurred more than 180 days before the filing of the complaint in December 2020, those claims are barred by the statute of limitations. Therefore, because there are facts under which Defendant could make out a statute of limitations defense, the motion for summary judgment is denied.

    7.  Defense #10: "Mr. Gergawy might not have a legally cognizable disability."

Next, Plaintiffs argue that Defendant's Defense #10 should be dismissed because USB has not introduced factual evidence in support of the defense. Plaintiffs also ask that the Court affirmatively declare that Mr. Gergawy was in fact legally disabled under the terms of the ADA. Defendant argues in response that it met its burden of pleading, and that Plaintiffs are not entitled to a declaration that Mr. Gergawy was disabled because they failed to meet their burden to show he was in fact disabled.

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 17**

The ADA defines "disability" as (1) a physical or mental impairment that substantially limits one or more major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). Major life events include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(j)(1)(ii) ("An impairment is a disability if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."). Courts consider three factors to determine whether a disability is substantially limiting: (1) the nature and severity of the physical impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long-term impact of the impairment. *See Fraser v. Goodale*, 342 F.3d 1032, 1038 (9th Cir. 2003) (citing 29 C.F.R. § 1630.2(j)(2)). A plaintiff must show evidence beyond "bald assertions or a mere scintilla of evidence in his favor" in order to demonstrate that his impairment substantially limits one or more major life activity. *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). Plaintiff has the burden of proof in showing he is disabled. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007).

There are genuine disputes of material fact that preclude entry of summary judgment at this time. The parties dispute whether Mr. Gergawy had severe pain from his injury on May 6, 2019 and whether Mr. Gergawy was at maximum medical improvement. They also dispute whether Mr. Gergawy's pain on May 6 was caused by his history of kidney stones. The motion for summary judgment dismissing the defense is therefore denied.

The Court also denies Plaintiffs' request that the Court declare that Mr. Gergawy was in fact disabled. Put simply, Plaintiffs have the standard backwards: they have the burden of establishing that Mr. Gergawy was disabled, and they must

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES * 18**

come forward with evidence other than conclusory statements from Mr. Gergawy about his own condition. Indeed, the only evidence Plaintiffs point to in support of their contention that Mr. Gergawy was disabled was that on May 6, 2019, he was doubled over in pain and was taken to the hospital for treatment by one of Defendant's employees. In response, Defendant points to Mr. Gergawy's medical provider's conclusion that Mr. Gergawy had no lumbar spine injury, that his MRI showed no medical explanation for his pain, and that an independent medical examination panel agreed with these findings. ECF No. 71-3 at 11, ln 4-12; ECF No. 55-1 at 5. Furthermore, Mr. Gergawy himself testified that he was able to do his job "every single day" without accommodation, and in fact never requested an accommodation. ECF No. 71-4 at 18, ln. 9. Mr. Gergawy also admitted to a history of kidney stones. ECF No. 71-3 at 25, ln. 1-16. Accordingly, the motion for an affirmative declaration that Mr. Gergawy was disabled is denied.

8. <u>Defense #11: "Mr. Gergawy's claims are precluded by the doctrines of release and accord and satisfaction."</u>

Finally, Plaintiffs argue that Defendant's affirmative defense #11 should be dismissed because it argues USB has introduced no evidence that Mr. Gergawy agreed to release Defendant from future acts of retaliation, negligence, or discrimination. They argue Defendant cannot show how Mr. Gergawy's voluntary dismissal of an appeal of one of his worker's compensation claims removes its duty to provide a workplace free of discrimination or retaliation. In response, Defendant argues that, because Plaintiffs' claims are repackaged complaints about his worker's compensation claims, his claims are barred under the doctrines of release and accord and satisfaction. It introduces evidence of settlement negotiations between Mr. Geragwy's worker's compensation attorney, Brian Ernst, and John Floyd, Defendant's attorney for L&I proceedings. Mr. Gergawy agreed to settle his dispute with regards to his first worker's compensation claim and to dismiss his appeal in exchange for $1,400 from Defendant. It also, again, points

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES \* 19**

out that over half of Plaintiffs' factual allegations deal exclusively with the handling of his worker's compensation claims. In reply, Plaintiffs argue that they have not asserted a claim for improper administration of an L&I claim.

The concepts of release and accord and satisfaction are based upon the law of contract. *Perez v. Pappas*, 98 Wash.2d 835, 843 (1983). An accord and satisfaction consists of a bona fide dispute, an agreement to settle that dispute, and performance of that agreement. *Id.*

As with much of the rest of the arguments on this motion, Plaintiff and Defendant disagree as to whether Plaintiffs' discrimination claims are in fact repackaged complaints about the administration of Mr. Gergawy's worker's compensation claims. Insofar as they are, the motion for summary judgment should be denied because there was a bona fide dispute as to the administration of the first worker's compensation claim, an agreement to settle that dispute, and performance of that agreement when Defendant gave Mr. Gergawy $1,400 to dismiss his appeal. Furthermore, the motion is denied because there is a factual dispute as to the nature of these claims.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment as to Defendant USB's Affirmative Defenses, ECF No. 50, is **DENIED.**

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 16th day of February 2021.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT USB'S AFFIRMATIVE DEFENSES \* 20**