FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAGDI GERGAWY and ALISA GERGAWY, a married couple,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES BAKERY, INC., d/b/a FRANZ FAMILY BAKERIES, an Oregon Corporation; OCCUPATIONAL HEALTH SOLUTIONS, INC., a Washington Corporation; and TAMI KINNUNEN, an individual;<br><br>　　　　Defendants. | No. 2:19-CV-00417-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

　　　Before the Court is Plaintiffs Magdi and Alisa Gergawy's Motion for Reconsideration, ECF No. 109. The motion was considered without oral argument. Plaintiffs are represented by Ryan Best, Jacob Mark, and Michael Merkelbach. Defendant United States Bakery, Inc. ("Defendant USB") is represented by Richard Omata and Joshua Howard. Defendants Occupational Health Solutions, Inc. and Tami Kinnunen (collectively, "OHS Defendants") are represented by William Symmes and Sawyer Margett.

//

**ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION** \* 1

**Plaintiffs' Motion for Reconsideration**

Plaintiffs Magdi and Alisa Gergawy move the Court to reconsider its March 9, 2021 Order granting Defendants' motions for partial summary judgment pursuant to Fed. R. Civ. P. 60(b)(2) and (6). *See* ECF Nos. 108–09. Plaintiffs contend that, six days after the Court issued its Order, Plaintiffs received a "compelling" letter (hereinafter the "Letter") from the Washington State Department of Labor and Industries that demonstrates, "regarding RCW 51.28.010, [Plaintiff] Mr. Gergawy has the 'right to pursue private action at any time'" for claim suppression. ECF No. 109 at 5–6. The Letter was attached to a declaration from counsel of record. ECF No. 110-2. Plaintiffs argue that the Letter illustrates Mr. Gergawy has a right to pursue a private action for claim suppression against the specific Defendants in this case, as a matter of law. *See* ECF No. 109 at 6. Plaintiffs request the Court grant relief from the Court's March 9, 2021 Order granting partial summary judgment and dismissing their "claim suppression" cause of action against Defendants.

In response, OHS Defendants argue that Plaintiffs failed to meet the standard for relief under Rule 60(b). ECF No. 111 at 6. They contend that the Letter is not admissible, and even if it were, the contents of the Letter would not change the disposition of the Court's Order because the Order considered purely legal questions about whether the Industrial Insurance Act creates certain rights and causes of action. *Id.* Defendant United States Bakery, Inc. ("Defendant USB") joins OHS Defendants' arguments in opposition. Defendant USB also contends that Plaintiffs failed to present newly discovered evidence that could not have been discovered as required by Rule 60(b)(2) and, further, that the content of the Letter is ambiguous and not binding on this Court. ECF No. 112 at 2.

//
//
//

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR RECONSIDERATION \* 2**

## Procedural History

Plaintiffs filed the initial Complaint in this action on December 4, 2019. ECF No. 1. Plaintiffs alleged several claims, many of which were dismissed at the summary judgment stage, including: (1) negligent supervision; (2) violations of the state and federal Family Medical Leave Act; and (3) violations of the Washington Law Against Discrimination based on age, disability, and race/national origin. Plaintiffs seek relief in the form of compensation for all injuries and damages caused by Defendants, liquidated damages for willful violations, and attorney's fees and costs.

On September 30, 2020, Plaintiffs filed a motion to amend their Complaint, ECF No. 24, which this Court granted, ECF No. 27. Plaintiffs' First Amended Complaint was filed on October 19, 2020. ECF No. 28. Plaintiffs filed a Motion for Summary Judgment on November 3, 2020, which upon agreement by the parties was stricken by the Court on November 25, 2020. ECF No. 43. On December 8, 2020, OHS Defendants filed a Motion for Partial Summary Judgment. ECF No. 54. The parties engaged in mediation in mid-December, and the Court accordingly extended the time to file responses and replies and rescheduled hearings on the motions. ECF No. 64. On December 30, 2020, Defendant USB also filed a Partial Motion to Dismiss, joining OHS Defendants' Motion. ECF No. 65. On January 19, 2021, the Court extended the deadline for completing discovery and filing dispositive motions. ECF No. 82.

On March 9, 2021, the Court granted Defendants' joint Motions for Partial Summary Judgment. In its Order, the Court held that, as a matter of law, no private cause of action for claim suppression exists under Washington State law. *Id.* at 18. Plaintiffs filed the present Motion for Reconsideration on March 24, 2021. ECF No. 109–10. OHS Defendants filed a response in opposition on April 7, 2021. ECF No. 111. Defendant USB filed a response in opposition the same day, which also endorsed and adopted the arguments made by OHS Defendants. ECF No. 112 at 2.

## Facts

The facts delineated in the March 9, 2021 Order are adopted herein. ECF No. 108 at 2–6. New factual developments related to the present motion are as follows. On February 12, 2021, Mr. Gergawy submitted a petition to the Washington State Department of Labor and Industries. ECF No. 109 at 3; ECF No. 110-1. The petition alleged that Defendant USB engaged in suppression of Mr. Gergawy's Department of Labor & Industries ("DL&I") complaint, among various other claims. ECF No. 110-1 at 4. As a sanction, Mr. Gergawy requested DL&I withdraw Defendant USB's self-insured certification. ECF No. 110-1 at 1. On March 15, 2021, Mr. Gergawy received a response from D&LI's Claims Suppression Investigations Unit, denying his petition and finding there was no evidence to support a violation of RCW § 51.28.010. ECF No. 110-2. The Letter is four sentences long and the Letter's body states in its entirety:

> The Industrial Insurance Claim Suppression Unit has investigated your complaint that your employer suppressed your filing of an on-the-job injury claim.
>
> After reviewing the information collected during our investigation, we have determined there is no evidence to support a violation of RCW 51.28.010.
>
> You have the right to pursue private action at any time. Additional resources for consideration:
> - Human Rights Commission [ ]
> - Equal Employment Opportunity Commission [ ]
> - Coordinated Legal Education, Advice and Referral (CLEAR) [ ]

ECF No. 110-2 (telephone numbers omitted).

## Legal Standard

### I.   Relief from Final Judgment Under Rule 60(b)

A party may move for relief from a final judgment, order, or proceeding entered against them pursuant to Federal Rule of Civil Procedure 60(b). The Rule lists five circumstances that may justify reopening a final judgment—for example,

**ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION * 4**

"newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 50(b)." Fed. R. Civ. P. 60(b)(2). Movants seeking relief under Rule 60(b)(2) must demonstrate that the newly proffered evidence (1) existed at the time of the trial or order; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Crucially, newly discovered evidence "must be admissible evidence to support relief under Rule 59 or 60(b)(2)." *FDIC v. Arciero*, 741 F.3d 1111, 1118 (10th Cir. 2013); *see also* Fed. R. Civ. P. 56(c)(2) (providing that a party may object material presented to support a fact if it cannot be presented in a form that would be admissible in evidence).

The Court may also provide relief from a final judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "gives the district court power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (citing *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). In addition, a motion for reconsideration under Rule 60(b)(6) cannot be premised on one of grounds for relief enumerated in parts (b)(1) through (b)(5). *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988); *Henson*, 943 F.3d at 443.

## II. Representations to Federal Courts Under Rule 11(b)

Federal Rule of Civil Procedure 11(b) provides that, *inter alia*, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party *certifies that* to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2)–(3) (emphasis added).

Rule 11 provides for the imposition of sanctions when "a filing is frivolous, legally unreasonable, [ ] without factual foundation, or [ ] brought for an improper purpose." *Est. of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). The standard governing the Rule 11 inquiry is objective. *See Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1140 (9th Cir. 1990). Although the Federal Rules do not define "frivolous," the Ninth Circuit has determined that "frivolous" is shorthand for a filing that is both "baseless" and "made without a reasonable and competent inquiry." *Id.*; *Est. of Blue*, 120 F.3d at 985. Therefore, the question is thus whether "[a] competent attorney would believe [the filing is] well grounded in fact and warranted by law." *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (citing *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987)). Stated another way, a motion is frivolous if "a competent attorney, after reasonable inquiry, could not form a reasonable belief that the [motion] was well founded in fact." *Id.* (quoting *Greenberg*, 822 F.2d at 887).

## Discussion

### I.

Plaintiffs move for reconsideration of the March 9, 2021 Order under Rule 60(b)(2) and (6). With respect to Rule 60(b)(2), Plaintiffs failed to meet the requisite standard for relief because the newly discovered evidence is inadmissible and would not have changed the disposition of this Court's Order. Furthermore, Plaintiffs failed to articulate an independent basis for reconsideration under Rule

60(b)(6). Because relief is not warranted by either Rule 60(b)(2) or (6), Plaintiff's motion is denied.

First, the Letter cannot be considered by this Court on a Motion for Reconsideration under Rule 60(b)(6) because the Letter is not admissible. *FDIC v. Arciero*, 741 F.3d 1111, 1118 (10th Cir. 2013); *see also* Fed. R. Civ. P. 56(c)(2). Here, the Letter is neither self-authenticating nor supported by a statement from a witness with personal knowledge who can authenticate the document. *See* Fed. R. Evid. 901–02. Plaintiffs did not even attempt to authenticate the Letter, which is the sole basis of the motion. Plaintiffs also appear to argue that the Letter is a statement of legal interpretation—if that were so, legal opinions are not fact evidence this Court can consider. *See Shuffle Master, Inc. v. MP Games LLC*, 553 F. Supp. 2d 1202, 1208 (D. Nev. 2008).

Second, even if the Letter was admissible, it is not of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones*, 921 F.2d at 878. There are two primary reasons for this. To begin, the Court did not rely on evidence when it dismissed the Plaintiffs' "claim suppression" cause of action. ECF No. 108 at 8. The issues considered by this Court were purely legal questions of statutory interpretation, which Plaintiffs themselves conceded in prior pleadings. ECF No. 94 at 5, 7. In addition, the Letter would not change the Court's summary judgment disposition because Plaintiffs misinterpret its contents, as is discussed in detail under Part II. To summarize, the Letter does not conclude that the Mr. Gergawy specifically, or the public generally, may bring a private cause of action for claim suppression. Nevertheless, even if the Letter said what Plaintiffs insist it does, administrative decisions are not binding in Washington. *Floating Homes Ass'n v. Wash. Dep't of Fish & Wildlife*, 115 Wash. App. 780, 788 (2003); *Timberlake Christian Fellowship v. King Cty.*, 114 Wash. App. 174, 184 n.3 (2002). The Court declines to grant it precedential value or persuasive effect.

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR RECONSIDERATION \* 7**

Plaintiffs also move for reconsideration of the Order under Rule 60(b)(6). However, Plaintiffs do not articulate a distinct reason, much more "extraordinarily circumstances," to justify relief under Rule 60(b)(6). Motions for Reconsideration based on newly discovered evidence are properly considered under Rule 60(b)(2), not (b)(6). *Liljeberg*, 486 U.S. at 863 & n.11; *Henson*, 943 F.3d at 443. The Court refuses to construct a basis to relieve Plaintiffs from its Order. Plaintiffs did not demonstrate entitlement to relief under either Rule 60(b)(2) or (6), and therefore the motion is denied.

## II.

The Court also considers whether Plaintiffs' Motion for Reconsideration complies with the certification requirements of Rule 11(b). As noted, Rule 11(b) provides that every signed paper submitted to the Court is certified by counsel that (1) the claims and contentions are warranted by existing law, or nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (2) the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(2)–(3).

In this case, the factual contentions in Plaintiffs' motion lack evidentiary support. Unlike the representations made by Plaintiffs' counsel, the Letter does not make any statement regarding the general right to pursue a cause of action for claim suppression or about Mr. Gergawy's specific right to do so. Counsel states that the Letter constitutes "insight into Washington State's interpretation of Washington's Industrial Insurance Act regarding claim suppression." ECF No. 109 at 6. That is absurd. The Letter does not state *what* Mr. Gergawy had the right to sue for, and it cannot be reasonably interpreted as DL&I's legal interpretation of the Industrial Insurance Act and whether a private cause of action for claim suppression exists under Washington State law. The assertion "[y]ou have the right to pursue private action at any time" proceeds the hotline resources available to

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR RECONSIDERATION \* 8**

claimants. The language is clearly boilerplate and likely provided to all claimants whose petitions are denied by the agency.

Given that the Letter is the sole basis for Plaintiffs' motion, the motion is borderline frivolous. The Letter cannot reasonably be construed as a statement of the agency's interpretation as to whether Mr. Gergawy has a right to pursue a private cause of action for claim suppression under the Industrial Insurance Act. After conducting the reasonable inquiry required by Rule 11(b), a competent attorney would not believe the filing is "well grounded in fact." *Maisonville*, 902 F.2d at 748 (citing *Greenberg*, 822 F.2d at 885). Rather, the factual contentions made by Plaintiffs' counsel in their motion regarding the Letter were misleading or made without a reasonable and competent inquiry. *Townsend*, 914 F.2d at 1140. If Plaintiffs' motion is not baseless and lacking in plausibility, it is dangerously close.

The Court does not request Plaintiffs' counsel to show cause why the conduct described does not violate Rule 11(b) at this time. Instead, the Court reminds Plaintiffs' counsel to carefully review the Federal and Local Rules prior to signing and filing any paper with the Court.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration, ECF No. 109, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 28th day of May 2021.

　　　　　　　　　　　　　　　　_Stanley A. Bastian_
　　　　　　　　　　　　　　　　Stanley A. Bastian
　　　　　　　　　　　　　　　　Chief United States District Judge

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR RECONSIDERATION * 9**